# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DANIEL P. HARGROVE,
Plaintiff,

vs.

CO HOLLEY, et al.,
Defendants

Case No. 1:17-cv-560
Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a former inmate at Lebanon Correctional Institution ("LeCI"), brings this civil rights action under 42 U.S.C. § 1983 against three prison employees alleging violations of his Eighth Amendment rights for failing to protect him from an attack by a fellow inmate and for deliberate indifference to his medical needs. (Doc. 7). This matter is before the Court on defendants Holley and Hubbard's[1] motion to dismiss (Doc. 24), plaintiff's response in opposition (Doc. 29), and defendants' reply memorandum (Doc. 30). This matter is also before the Court on plaintiff's motion for punitive damages (Doc. 14), motion for monetary judgment (Doc. 26), second motion for monetary judgment (Doc. 32), motion for monetary judgment/breach of time (Doc. 42) and defendants' response in opposition (Doc. 44), and plaintiff's motion to change the name of and properly serve a new defendant (Doc. 45). This matter is also before the Court on defendants' motion to strike (Doc. 36).

## I. Procedural Background

Plaintiff was granted leave to proceed *in forma pauperis* and initiated this action on August 25, 2017. (Docs. 1, 3). On October 31, 2017, the undersigned conducted a *sua sponte* review of plaintiff's amended complaint (Doc. 7) under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The undersigned recommended that plaintiff could proceed with his Eighth

---

[1] Plaintiff names "Lt. Hubbert" in his complaint. However, the correct spelling is "Hubbard." (Doc. 24).

Amendment individual capacity claim for failure to protect against defendants Holley and Hubbard and his Eighth Amendment individual capacity claim for deliberate indifference to his serious medical needs against defendant Heyd. (Doc. 10 at 16). The undersigned further recommended that plaintiff's motions to amend his complaint a second time and motion for a preliminary injunction be denied. On December 27, 2017, the District Court adopted the Report and Recommendation. (Doc. 17).

**II. The Amended Complaint (Doc. 7)**

Plaintiff alleges that on July 1, 2017 at 11:50 a.m., while he was half asleep in his cell in R-block, his cellmate "attack[ed] him and bit[] his right ear off or half of it and pulled his right eye out of [its] socket." (Amended Complaint, Doc. 7 at 1). At the time of the alleged attack, plaintiff claims that "only one officer [Holley] was working in R-block." (*Id.*). Plaintiff further claims that "the cells had no emergency call system." (*Id.*). According to plaintiff, he informed defendant Holley before the alleged attack "about the differences [he] and his cell-mate had." (*Id.*). Plaintiff alleges that defendant Holley was "negligent in moving [him] out of the cell." (*Id.*). Plaintiff also alleges that defendant Holley "failed to stop the attack, he was just standing there watching." (*Id.*). Plaintiff claims that defendant Hubbard, "the supervisor that['s] over the hole [sic], R-block," should have moved plaintiff out of the cell the day before the attack "after [Hubbard] was told about [the] cell-mate[']s constant ejackulation [sic] in the cell while the plaintiff was in the cell with him." (*Id.* at 3). Based on these allegations, plaintiff brings claims against defendants Holley and Hubbard under the Eighth Amendment for failure to protect him from the attack by his cellmate.

2

### III. Motion to Strike

Defendants Holley and Hubbard move to strike plaintiff's supplemental memorandum (Doc. 31) filed in response to their reply memorandum, as well as plaintiff's motion for monetary judgment (Doc. 32), which they construe as an additional response to their reply memorandum. (Doc. 36).

Motions to strike are governed by Rule 12(f), which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Local Rules for the Southern District of Ohio provide:

> Opposing and Reply Memoranda. Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion. Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees. Any reply memorandum shall be filed within fourteen days after the date of service of the memorandum in opposition. *No additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown.*

S.D. Ohio Local Civil Rule 7.2(a)(2) (emphasis added). Plaintiff has neither sought leave of court nor shown good cause for the filing of these memoranda in response to defendants' reply. Accordingly, defendants' motion to strike (Doc. 36) is **GRANTED** and plaintiff's memoranda (Docs. 31, 32) shall be **STRICKEN** from the docket of this Court.

### IV. Defendants Holley and Hubbard's Motion to Dismiss (Doc. 24)

#### A. Rule 12(b)(6) standard

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only

give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 555, 570). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

It is well-settled that a document filed pro se is "to be liberally construed" and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

**B. Eighth Amendment Failure to Protect**

The Eighth Amendment's prohibition on cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of inmates. *Greene v. Bowles*, 361 F.3d 290, 296 (6th Cir. 2004). A claim for violation of the duty to protect under the Eighth Amendment has objective and subjective components. *Famer v. Brennan*, 511 U.S. 825, 835-38 (1994). To satisfy the objective component, the plaintiff must allege that absent reasonable precautions, he was exposed to a substantial threat of serious harm. *Id.* at 837. To satisfy the subjective component, the prisoner must allege that (1) "the official being sued subjectively perceived facts from which

4

to infer a substantial risk to the prisoner," (2) the official "did in fact draw the inference," and (3) the official "then disregarded that risk." *Richko v. Wayne County, Mich.*, 819 F.3d 907, 915-16 (6th Cir. 2016) (citing *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)). *See also Enyart v. Ohio Dept. of Rehab. and Correction*, No. 2:16-CV-161, 2017 WL 499085, at *2 (S.D. Ohio Feb. 7, 2017) ("the officials must be aware of a specific threat to either the plaintiff or to a class of persons to which the plaintiff belongs, and that threat must be substantiated by objective evidence, not the inmate's subjective fear") (citation omitted)). Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. *Farmer*, 511 U.S. at 837; *Enyart*, 2017 WL 499085, at *2. It is not enough that the official "should" have perceived a significant risk, but did not. *Farmer*, 511 U.S. at 537.

### C. Defendants' Motion to Dismiss should be granted as to defendant Hubbard, but denied as to defendant Holley

Defendants Holley and Hubbard move to dismiss plaintiff's Eighth Amendment failure to protect claim, arguing that plaintiff's allegations against them fail to state a claim upon which relief may be granted. (Doc. 24 at 3-9). Defendants argue that plaintiff fails to satisfy the objective component of an Eighth Amendment claim because he fails to allege that he alerted them to any specific threat to his health or safety and merely alleges a generalized concern for his safety and welfare. (*Id.* at 7) (citing *Blacker v. Satterthwaite*, No. 1:08-cv-874, 2011 WL 6338851, at *4 (S.D. Ohio Oct. 14, 2011) (report and recommendation), *adopted*, 2011 WL 6370054 (S.D. Ohio Dec. 19, 2011)). Defendants argue that plaintiff also fails to meet the subjective component of an Eighth Amendment claim because he fails to allege that they were aware of a substantial risk of harm to him and actually disregarded that risk. (*Id.* at 8). Defendants maintain that plaintiff only informed officers of "differences" between himself and

5

his cellmate, as well as unwanted sexual acts. (*Id.*). Defendants also contend that they are entitled to qualified immunity. (*Id.* at 9-11).

In response, plaintiff maintains that he informed defendants Holley and Hubbard a few days before the attack that he needed a "one-man cell due to his [cellmate's] constant ejackulations [sic]." (Doc. 29 at 1).[2]

In reply, defendants argue that plaintiff fails to show that their actions meet the objective and subjective components of an Eighth Amendment failure to protect claim. (Doc. 30 at 5). Defendants argue that plaintiff's claims that they were "negligent" and "showed a great deal of incompetence" are insufficient to state a claim for failure to protect under the Eighth Amendment. (*Id.*).

### 1. Defendant Holley

At this stage in the proceedings, the Court finds that plaintiff has pleaded sufficient facts satisfying both the objective and subjective components of an Eighth Amendment failure to protect claim against defendant Holley. The complaint alleges that plaintiff informed defendant Holley about some "differences" between himself and his cellmate, but defendant Holley failed to move him to another cell. (Complaint at 1). The fact that plaintiff and his cellmate had "differences" is not sufficient in and of itself to give rise to a duty to protect under the Eighth Amendment. At most, plaintiff has alleged a "hypothetical risk of danger to his safety prior to the attack." *Lewis v. McClennan*, 7 F. App'x 373, 375 (6th Cir. 2001) (affirming dismissal of prisoner failure to protect claim where plaintiff alleged no more than a hypothetical risk of

---

[2] Plaintiff also argues that defendants failed to follow procedures under the Prison Rape Elimination Act ("PREA"). As plaintiff makes no allegations in his complaint regarding PREA and because district courts have found that PREA "does not create a private cause of action which can be brought by an individual plaintiff," *see Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014), plaintiff's argument is foreclosed.

danger). *See also Blacker*, 2011 WL 6338851, at *6. Plaintiff has failed to allege that a specific threat existed and that defendant Holley knew of this specific threat to his safety.

However, plaintiff has also alleged that defendant Holley "failed to stop the attack, he was just standing there watching." (Complaint at 1). The Court finds that plaintiff has pleaded sufficient facts satisfying both the objective and subjective elements to state a failure to protect claim against defendant Holley. Objectively, plaintiff has alleged a sufficiently serious risk of harm to his safety. *See Amick v. Ohio Dept. of Rehab. & Corr.*, No. 12-3515, 2013 WL 1223570, at *8 (6th Cir. Mar. 27, 2013) ("A physical fight between two adult men in a locked cell clearly posed a substantial risk of serious harm."). Subjectively, defendant Holley's actions, if true, suggest that he was deliberately indifferent because he was aware of and disregarded an excessive risk to plaintiff's safety. *Farmer*, 511 U.S. at 837. *See also Freeland v. Russell*, No. 2:09-cv-740, 2011 WL 901036, at *2 (S.D. Ohio Mar. 14, 2011) ("[o]fficials present at the scene of an attack on an inmate by another inmate who do not intervene or act to end the assault may be deliberately indifferent."); *Bowers v. Power*, No. 3:17-cv-01599, 2018 WL 1794730, at *7 (M.D. Tenn. Apr. 16, 2018) ("constitutional liability can be based upon facts showing that an officer failed to take preventative steps when witnessing an inmate fight") (citing *Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990)). As such, plaintiff's allegations that defendant Holley watched the attack happen and failed to intervene are sufficient to state a claim for failure to protect under the Eighth Amendment.

Defendant Holley is not entitled to qualified immunity on plaintiff's Eighth Amendment failure to protect claim at this juncture. Government officials performing discretionary functions are generally shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have

known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). "In determining whether qualified immunity applies, the court employs a two-part test, asking (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009) (citations and quotation and alteration marks omitted). As discussed above, plaintiff's complaint states a plausible claim for relief under the Eighth Amendment. In addition, it is clearly established by the Supreme Court that "a prison official may be liable under the Eighth Amendment . . . if he knows that inmates face a substantial risk of serious harm and disregards that harm by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. The Sixth Circuit has consistently held that "'deliberate indifference' of constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another." *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990) (citing *Roland v. Johnson*, 856 F.2d 764, 769-70 (6th Cir. 1988); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988)). Accordingly, defendant Holley's request for qualified immunity on plaintiff's failure to protect claim should be denied.

### 2. Defendant Hubbard

The Court finds that plaintiff has failed to plead sufficient facts to state an Eighth Amendment failure to protect claim against defendant Hubbard. The complaint alleges that defendant Hubbard is the "supervisor" over the R-block. (Complaint at 3). Insofar as plaintiff seeks to hold defendant Hubbard liable in his supervisory role, defendant Hubbard cannot be held liable under § 1983 on the basis of *respondeat superior* "unless [he] 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874

(6th Cir. 1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* Here, plaintiff has failed to allege that defendant Hubbard authorized any alleged unconstitutional conduct in his supervisory capacity. The complaint also alleges that plaintiff told defendant Hubbard about his cellmate's "constant ejackulation [sic] in the cell while the plaintiff was in the cell with him." (Complaint at 3). Plaintiff has failed to allege that a specific safety threat existed and that defendant Hubbard knew of this threat. Plaintiff has again merely alleged a hypothetical risk to his safety. Accordingly, plaintiff's claim against defendant Hubbard should be dismissed.

## V. Motion to Change Name and Serve Proper Defendant (Doc. 45)

Plaintiff moves to substitute Michael V. Drake, M.D., as a proper defendant for Dr. Timothy Heyd, who has not yet been properly served. (Doc. 45 at 1). Michael V. Drake is the president of The Ohio State University, where plaintiff underwent two surgeries after the attack. (*Id.*). Plaintiff alleges that the medical center staff "failed to give him any pain medications" in violation of the Eighth Amendment. (*Id.*). Plaintiff seeks to hold Michael Drake liable for this alleged failure. (*Id.*).

Plaintiff's motion is properly construed as a motion to amend the complaint under Fed. R. Civ. P. 15(a) to substitute Michael Drake for defendant Heyd. The granting or denial of a motion to amend under Rule 15(a) is within the discretion of the trial court, and leave to amend should be liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough*

9

*v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint could survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

Plaintiff's motion to add Michael Drake as a defendant should be denied as futile. Plaintiff seeks to add this new defendant as a party on the basis of *respondeat superior*. As referenced above, and as explained in this Court's October 31, 2017 Report and Recommendation:

> It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 suits to impute liability onto supervisory personnel. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").

(Doc. 10 at 7). Plaintiff does not allege any personal involvement on Michael Drake's part. Therefore, plaintiff's motion to add Michael Drake as a defendant (Doc. 45) should be denied.

## VI. The remaining motions (Docs. 14, 26, 42).

Plaintiff has filed several motions for monetary damages. (Motion for Damages, (Doc. 14); Motion for Judgment (Doc. 26); Motion for Monetary Judgment/Breach of Time (Doc.

42)).[3] In these motions, plaintiff seeks to further describe his claims (some of which have already been dismissed) as well as request monetary damages for alleged constitutional harms. Plaintiff is not entitled to an award of damages, if at all, until there is a decision on the merits of his claims. Accordingly, plaintiff's motions for damages (Docs. 14, 26, 42) are denied as premature.

### VII. Conclusion

Based on the foregoing, it is **RECOMMENDED** that:

1. Defendants' motion to dismiss (Doc. 24) be **GRANTED** as to defendant Hubbard and be **DENIED** as to defendant Holley.

2. Plaintiff's motion to change name and serve proper defendant (Doc. 45) be **DENIED**.

It is **ORDERED** that:

1. Defendants' motion to strike (Doc. 36) is **GRANTED**. Docs. 31 and 32 shall be **STRICKEN** from the docket.

2. Plaintiff's motion for damages (Doc. 14) is **DENIED**.

3. Plaintiff's motion for judgment (Doc. 26) is **DENIED**.

4. Plaintiff's motion for monetary judgment/breach of time (Doc. 42) is **DENIED**.

Date: 8/1/18

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Plaintiff also argues that defendant Dr. Heyd is in default for failing to file an answer or responsive pleading and therefore monetary damages are appropriate. (*See* Docs. 26, 42). However, defendants maintain that Dr. Heyd has not been properly served. (Doc. 44 at 1). Defendants state that on March 26, 2018, plaintiff served The Ohio State University Medical Center, but Dr. Heyd is not employed there. (*Id.*). Defendants state that there is a Dr. Timothy Heyd employed by the Ohio Department of Rehabilitation and Correction. (*Id.*). Defendants further state: "It is unclear if Plaintiff is attempting to serve the Dr. Heyd employed by ODRC or if he is trying to serve an OSU physician he has incorrectly identified." (*Id.*). Because plaintiff has clarified that doctors at The Ohio State University Medical Center denied him proper treatment after his two surgeries (*See* Doc. 45), defendant Dr. Heyd is not in default for failing to file an answer or responsive pleading.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL P. HARGROVE,
Plaintiff,

vs.

CO HOLLEY, et al.,
Defendants.

Case No. 1:17-cv-560
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).