# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DANIEL P. HARGROVE,
Plaintiff,

vs.

CO HOLLEY, et al.,
Defendants.

Case No. 1:17-cv-560
Black, J.
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Lebanon Correctional Institution in Lebanon, Ohio proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on plaintiff's "motion for monetary judgment/pain and suffering." (Doc. 51).

As background, on August 1, 2018, the undersigned recommended that defendants' motion to dismiss be granted as to defendant Hubbard and denied as to defendant Holley. (Doc. 46). The undersigned also ordered that plaintiff's motion for damages, motion for judgment, and motion for monetary judgment be denied. (*Id.*). On August 22, 2018, the District Judge adopted the Report and Recommendation. (Doc. 48).

Plaintiff again requests that the Court grant him a monetary judgment in the amount of $1.5 million because "[t]he defendant was incompetent and negligent by not stopping the inmate from attacking the plaintiff. . . ." (Doc. 51 at 1). As the undersigned explained in the August Report and Recommendation: "[p]laintiff is not entitled to an award of damages, if at all, until there is a decision on the merits of his claims." (Doc. 46 at 11). Plaintiff's motion for monetary judgment is again **DENIED** on this basis.

Plaintiff also seeks to "subpoena" statements and other discoverable information from defendants. (Doc. 51 at 2). Plaintiff states:

. . . . The plaintiff would like to subpena [sic] the 1st shift supervisor statement and the defendants' dicplanary [sic] statement. . . . The plaintiff would like to subpena [sic] the 1st shift medical supervisor's statement as well as the duty officer's statement, and the doctor's statement.

The plaintiff also asserts that he would like to subpena [sic] the defendant's incident report as well as all incident reports conducted by all of the above. The plaintiff contends he would like to subpena [sic] the two transport officer's statements as well.

The Court construes this portion of plaintiff's motion as a request to serve discovery on defendants. Plaintiff is advised that he must serve his discovery requests on defendants rather than file them with the Court. *See* Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b). . . .").

Accordingly, plaintiff's "motion for monetary judgment/pain and suffering" (Doc. 51) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

Date: 10/11/18

Karen L. Litkovitz
United States Magistrate Judge