## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**DANIEL P. HARGROVE,**

> **Plaintiff,**

> **v.**

**CO HOLLEY,** *et al.*,

> **Defendants.**

**Case No. 1:17-cv-560**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Litkovitz**

### ORDER

This cause comes before the Court on the Magistrate Judge's March 4, 2020, Report and Recommendation ("R&R") (Doc. 66). The Magistrate Judge recommends that the Court **GRANT** defendant Holley's motion for summary judgment in this matter as to the claim against him, and that the Court **DISMISS** Hargrove's claims against the remaining defendant, Heyd, for lack of service. (*Id.*). The R&R advised all parties that a failure to object within the 14 days specified by the R&R may result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 66, #310). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "*fail[ure] to file* an objection to the magistrate judge's R & R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). The time for filing objections has passed and none have been filed.

That could be the end of the matter, but there is one additional wrinkle. Although Hargrove did not *object* to the R&R, he did purport to *appeal* his case to the Sixth Circuit. (*See* Doc. 67). In his appeal, Hargrove asked that court to address "the fact that the district court seems incompetent to judge honorably." (*Id*.). Hargrove's appeal also argues that the court "did not consider any injunctive relief" and that the court did not provide him proper due process. (*Id*.). The Sixth Circuit dismissed Hargrove's appeal because this Court had yet to rule on the R&R, and the parties had not consented to plenary jurisdiction by a Magistrate Judge (meaning that the Magistrate Judge's ruling in the R&R was not a final appealable judgment until adopted by this Court). (Doc. 69).

A related question then arises as to whether this Court should treat Hargrove's appeal to the Sixth Circuit instead as an objection to the R&R for this Court's consideration. Review of the filing suggests that is not the case. The appeal did not address any of the grounds in the Magistrate Judge's R&R. In fact, the appeal does not reference the R&R in any way. Because it does not appear that Hargrove intended the appeal to be an objection to the R&R, this Court will not construe it as such.

Moreover, even if Hargrove's appeal were some sort of general objection, this Court finds that it fails. This is a 42 U.S.C. § 1983 action, and as the Magistrate Judge noted in her R&R, a prisoner cannot advance such an action without first exhausting all available administrative remedies. (R&R at #296).

Hargrove admits that he did not pursue the administrative remedies that the prison provides. To be sure, he suggests that none of these remedies were available

to him because (1) "there are no computers" in restrictive housing, (2) "the guards informed inmates that filing grievances was a security hazard," and (3) "paper grievances are thrown in the trash." (Pl.'s Resp. to Def.'s Mot. for Summary J. ("Pl.'s Resp.), Doc. 57, #255). But the Magistrate Judge properly concluded that Hargrove's bare allegations that placement in restrictive housing makes it inconvenient to follow administrative procedures, or that the prison purportedly would ignore such filings, is not enough to create a genuine issue of material fact as to whether he was unable to exhaust his administrative remedies. (R&R at #302). Hargrove's failure to exhaust all available administrative remedies, standing alone, is enough to justify dismissing Hargrove's claims. *Spencer v. Bouchard*, 449 F.3d 721, 723 (6th Cir. 2006) (concluding that it is proper to dismiss claims where the prisoner has failed to satisfy Prison Litigation Reform Act's ("PLRA") administrative exhaustion requirement). And, where it is clear that the administrative remedies are no longer available due to the passage of time, that dismissal can be with prejudice. *See, e.g.*, *Howard v. State of Tenn., Dep't of Corr.*, No. 1-12-0004, 2013 WL 3353893 (M.D. Tenn. July 2, 2013) (dismissing cause of action with prejudice for failure to exhaust when administrative remedies were no longer available).

Even putting aside Hargrove's failure to exhaust administrative remedies, he also has failed to submit sufficient evidence to convince a reasonable jury that defendant Holley was "deliberately indifferent" to Hargrove's safety. The substance of Hargrove's § 1983 action is that defendant Holley (a corrections officer) failed to protect him and was deliberately indifferent to Hargrove's safety when his cellmate

attacked him. (Daniel P. Hargrove's Compl. against Holley et al. ("Compl."), Doc. 3, #12). That does not set forth a viable claim on the record here for two reasons. First, defendant Holley had no reason to know that the cellmate posed any danger to Hargrove. Hargrove asserts that Holley knew of his "differences with his cellmate," but this general concern does not suffice to put Holley on notice that Hargrove was in danger. (Compl. at #12). Second, once Holley saw the fighting, he reacted immediately by calling for a supervisor, instructing the inmates to separate, and followed institutional procedures by calling for restraints and a relief officer. (Mot. for Summary J. by Def. Holley, Doc. 55, #255–56). Hargrove complains that Holley did not open the cell door until support arrived, (Compl. at #12), but that alone does not make out a claim for deliberate indifference. Thus, the Magistrate Judge properly granted Holley's Motion for Summary Judgment.

Further, the record reflects that Hargrove has not yet served defendant Heyd in this case. Hargrove did send a summons and complaint addressed to a Timothy Heyd at The Ohio State University Medical Center, but it was served on the Medical Center itself, rather than on Heyd. (*See* Doc. 11). Moreover, the Timothy Heyd at Ohio State may not be the same Dr. Heyd who treated Hargrove. (*Id.*). In any event, no Dr. Heyd has yet been served, and Hargrove has not shown good cause for his failure to do so. Accordingly, the Magistrate Judge properly recommended that this Court dismiss Hargrove's action against Heyd without prejudice. (R&R at #307–08); *see also* Fed. R. Civ. P. 4(m).

4

Therefore, the Court **ADOPTS** the Report and Recommendation (Doc. 66), **GRANTS** Defendant Holley's motion for summary judgment (Doc. 55), and **DISMISSES WITHOUT PREJUDICE** Hargrove's claims against defendant Heyd for lack of service. The Court **DIRECTS** the Clerk to enter judgment accordingly.

As reasonable jurists could not disagree with this conclusion, Hargrove is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous.

**SO ORDERED.**

September 22, 2020
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**